IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ARROWEYE SOLUTIONS, INC., ) | | |
|     a Delaware corporation ) | | |
| ) | | |
|                 Plaintiff, ) | Civil Action No.: | |
| ) | | |
|     v. ) | Judge | |
| ) | | |
| HARRY & DAVID OPERATIONS, INC., ) | Magistrate Judge | |
|     a Delaware corporation ) | | |
| ) | **JURY TRIAL DEMANDED** | |
|                 Defendant, ) | | |

## COMPLAINT

Plaintiff, ARROWEYE SOLUTIONS, INC., by its attorneys, for its complaint against Defendant HARRY & DAVID OPERATIONS, INC., allege as follows:

## NATURE OF ACTION

1. This action is for infringement of United States Patent No. 6,965,912 (the '912 Patent - EXHIBIT A), U.S. Patent No. 7,359,954 (the '954 Patent – EXHIBIT B), U.S. Patent No. 7,797,378 (the '378 Patent – EXHIBIT C), U.S. Patent No. 7,606,857 (the '857 Patent – EXHIBIT D), and U.S. Patent No. 8,612,513 (the '513 Patent – EXHIBIT E) (collectively, "the Asserted Patents") under the patent laws of the United States, 35 U.S.C § 1 *et seq*.

## PARTIES

2. Plaintiff, Arroweye Solutions, Inc. (hereinafter "Arroweye" or "Plaintiff") is a Delaware corporation with a principal place of business at 549 W. Randolph Street, #200, Chicago, Illinois 60661. Plaintiff was formerly known as 4YourSoul.com, Inc.

3. Defendant, Harry & David Operations, Inc. (hereinafter "H&D" or "Defendant") is a Delaware corporation with a principal place of business at 2500 S. Pacific Highway, Medford, Oregon 97501.

4. On information and belief, (i) Defendant is 100% owned by Harry & David Holdings, Inc. (hereinafter "Holdings"), (ii) Holdings was acquired by 1-800-FLOWERS.COM, Inc. ("1-800-Flowers") in September 2014, and (iii) currently, Holdings is one hundred percent (100%) owned by 1-800-Flowers.

5. On information and belief, Defendant is and operates as a second tier subsidiary of 1-800-Flowers.

**JURISDICTION AND VENUE**

6. This action is for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

7. This Court has subject matter jurisdiction for the claims pursuant to 28 U.S.C. §§ 1331, 1332, and/or 1338(a).

8. Personal jurisdiction over the Defendant is proper, as the Defendant has and is doing business in Illinois and within this District, has and is shipping and distributing the wrongful instrumentalities of the infringement described herein into Illinois and into this District, and the resulting injury complained of herein occurred in Illinois and within this District. This includes Defendant's activity of advertising, manufacturing, and/or selling its infringing services and products resulting therefrom in United States commerce and within this State and District, in violation of Federal statutes.

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**FACTUAL BACKGROUND**

10. Plaintiff, Arroweye, is a payment technology firm, and through one of its many product and service offerings, it offers its customers a Greeting Card with Gift service that provides a system where consumers ordering merchandise online can order and personalize greeting cards which are printed, associated with, packaged and shipped with the ordered merchandise.

11. Arroweye, is the owner of all right, title, and interest in the five Asserted Patents, which cover inventions relating to the computer systems, programs, and methods for associating printed customized greeting cards with merchandise ordered online.

12. Arroweye markets, sells, and distributes systems covered by the Asserted Patents, and such systems and their components are, and consistently have been, marked with the patent numbers associated with the Asserted Patents.

13. The inventions of the Asserted Patents provide benefits which include features that allow greeting cards to be personalized by a consumer, viewed on-screen in a graphic format so the customer can visualize the customized greeting card being ordered, allow the customized card to be printed locally where the purchased merchandise is stored and shipped from, and allow the customized greeting card to be associated with the purchased merchandise so that the card and merchandise are packaged together and shipped to the recipient.

14. Defendant, H&D, engages in retail sale of gifts to consumers, and describes itself on its website as "America's premier choice for gourmet gifts."

15. From 2000 through 2015, Defendant H&D contracted with Plaintiff Arroweye to receive and use Arroweye's patented systems and methods in Defendant's facilities, in support of Defendant's business. During that time, Arroweye installed in H&D's facilities its

proprietary systems and equipment for performing the patented methods. However, on October 12, 2015, H&D abruptly terminated its agreement with Arroweye.

16. From 2000 through 2015, Arroweye's systems and components thereof, including printers, computers, and networking devices, were installed in H&D's facilities for the purpose of performing the patented methods for H&D – that is, locally printing customized greeting cards and associating them and packaging them with H&D merchandise ordered online.

17. In November 2015, following termination of the agreement by H&D, Arroweye removed its systems and equipment from H&D facilities. During such removal, Arroweye employees observed that H&D had replaced the Arroweye systems and equipment with nearly identical systems and components that duplicated the patented systems and methods. Thus, at least as early as November 2015, H&D was using systems of networked computers, printers, and other networking devices to perform the patented methods and produce customized greeting cards as Arroweye had previously done for H&D.

18. During the time that Arroweye's systems and equipment were in H&D facilities, H&D observed, assessed, reverse-engineered, studied, and otherwise learned the operations of such systems and equipment, for the purpose of copying and duplicating the patented systems and methods.

19. H&D continues to operate systems and equipment in its facilities, which replaced the removed Arroweye systems and equipment. Such replacement systems and equipment, including computers, printers and networking equipment, comprise the patented systems and perform the patented methods.

20. During the term of the Asserted Patent(s), Defendant has made and used systems and equipment covered by the claims of the Asserted Patents.

21. Defendant's conduct of making and using systems in violation of the Asserted Patents was willful and with knowledge of the Asserted Patents.

22. At least as early as 2000, and thereafter no later than the filing date of each Asserted Patent, Defendant H&D was aware of each of the Asserted Patents. Bill Williams, H&D's Chief Executive Officer, served on the board of Arroweye, and in such capacity, Mr. Williams was informed as to the filing, prosecution, and issuance of the Asserted Patents. Defendant H&D was further aware of the Asserted Patents at least as early as 2001, because "Patent Pending" was marked on the greeting cards being produced by the systems and equipment H&D contracted to use from Arroweye, and did in fact use beginning in 2001. Thereafter, in 2005, Defendant H&D was further aware of at least the '912 Patent, because such patent number was marked on the greeting cards being produced by the systems and equipment H&D contracted to use from Arroweye, and did in fact use, from 2005 through 2015.

23. Despite having knowledge of the Asserted Patents, Defendant commenced and/or continued to make and use systems and equipment in violation of the Asserted Patent(s) and, on information and belief, such violation of the Asserted Patent(s) was and continues to be willful.

24. Defendant has and continues to offer customized greeting card purchase options with its online merchandise, and has made and assembled, and continues to use systems and equipment to produce, associate, package and ship such customized greeting cards with ordered merchandise, in violation of one or more claims of the Asserted Patents, in competition with Arroweye, and such activities by Defendant have caused and continue to cause harm to Arroweye.

## **COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,965,912**

25. As a complete and first ground for relief, Arroweye asserts infringement of U.S. Patent No. 6,965,912 ("the '912 Patent" – EXHIBIT A) entitled "Method and Apparatus for Distribution of Greeting Cards with Electronic Commerce Transaction," and realleges and incorporates Paragraphs 1 - 24 of this Complaint.

26. The United States Patent and Trademark Office duly and legally issued the '912 Patent on November 15, 2005. Arroweye is the owner of all right, title and interest in the '912 Patent, and has the right to enforce the rights against infringement and to recover damages for all infringements thereof.

27. The '912 Patent is still in full force and effect and is presumed valid under the Patent laws.

28. H&D has made and used, and continues to make and use systems and methods which directly infringe one or more claims of the '912 Patent, including but not limited to claim 4 of such patent.

29. Arroweye has been, and will continue to be, damaged by H&D's conduct, including its making and using systems and methods in a manner which infringes the '912 patent.

30. Furthermore, H&D's acts of infringement have been willful and/or in willful disregard of the '912 Patent, as H&D had knowledge of the '912 Patent and continued its infringing activities, including duplicating and replacing Arroweye's patented systems and equipment with replacement systems and equipment which copy and perform the patented methods.

31. This is an exceptional case because of such willful infringement, and treble

damages payable to Arroweye by H&D is warranted.

32. Arroweye has been, and will continue to be, irreparably harmed by H&D's conduct of infringing the '912 Patent.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 7,359,954

33. As a complete and first ground for relief, Arroweye asserts infringement of U.S. Patent No. 7,359,954 ("the '954 Patent" – EXHIBIT B) entitled "Method and Apparatus for Distribution of Greeting Cards with Electronic Commerce Transaction," and realleges and incorporates Paragraphs 1 - 32 of this Complaint.

34. The United States Patent and Trademark Office duly and legally issued the '954 Patent on April 15, 2008. Arroweye is the owner of all right, title and interest in the '954 Patent, and has the right to enforce the rights against infringement and to recover damages for all infringements thereof.

35. The '954 Patent is still in full force and effect and is presumed valid under the Patent laws.

36. H&D has made and used, and continues to make and use systems and methods which directly infringe one or more claims of the '954 Patent, including but not limited to claim 18 of such patent.

37. Arroweye has been, and will continue to be, damaged by H&D's conduct, including its making and using systems and methods in a manner which infringes the '954 patent.

38. Furthermore, H&D's acts of infringement have been willful and/or in willful disregard of the '954 Patent, as H&D had knowledge of the '954 Patent and continued its

infringing activities, including duplicating and replacing Arroweye's patented systems and equipment with replacement systems and equipment which copy and perform the patented methods.

39. This is an exceptional case because of such willful infringement, and treble damages payable to Arroweye by H&D is warranted.

40. Arroweye has been, and will continue to be, irreparably harmed by H&D's conduct of infringing the '954 Patent.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 7,797,378

41. As a complete and first ground for relief, Arroweye asserts infringement of U.S. Patent No. 7,797,378 ("the '378 Patent" – EXHIBIT C) entitled "Method and Apparatus for Distribution of Greeting Cards with Electronic Commerce Transaction," and realleges and incorporates Paragraphs 1 - 40 of this Complaint.

42. The United States Patent and Trademark Office duly and legally issued the '378 Patent on September 14, 2010. Arroweye is the owner of all right, title and interest in the '378 Patent, and has the right to enforce the rights against infringement and to recover damages for all infringements thereof.

43. The '378 Patent is still in full force and effect and is presumed valid under the Patent laws.

44. H&D has made and used, and continues to make and use systems and methods which directly infringe one or more claims of the '378 Patent, including but not limited to claim 19 of such patent.

45. Arroweye has been, and will continue to be, damaged by H&D's conduct, including its making and using systems and methods in a manner which infringes the '378

patent.

46. Furthermore, H&D's acts of infringement have been willful and/or in willful disregard of the '378 Patent, as H&D had knowledge of the '378 Patent and continued its infringing activities, including duplicating and replacing Arroweye's patented systems and equipment with replacement systems and equipment which copy and perform the patented methods.

47. This is an exceptional case because of such willful infringement, and treble damages payable to Arroweye by H&D is warranted.

48. Arroweye has been, and will continue to be, irreparably harmed by H&D's conduct of infringing the '378 Patent.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 7,606,857

49. As a complete and first ground for relief, Arroweye asserts infringement of U.S. Patent No. 7,606,857 ("the '857 Patent" – EXHIBIT D) entitled "Method and Apparatus for Using Greeting Cards Distributed With Electronic Commerce Transactions as Pick Tickets," and realleges and incorporates Paragraphs 1 - 48 of this Complaint.

50. The United States Patent and Trademark Office duly and legally issued the '857 Patent on October 20, 2009. Arroweye is the owner of all right, title and interest in the '857 Patent, and has the right to enforce the rights against infringement and to recover damages for all infringements thereof.

51. The '857 Patent is still in full force and effect and is presumed valid under the Patent laws.

52. H&D has made and used, and continues to make and use systems and methods which directly infringe one or more claims of the '857 Patent, including but not limited to

claim 1 of such patent.

53. Arroweye has been, and will continue to be, damaged by H&D's conduct, including its making and using systems and methods in a manner which infringes the '857 patent.

54. Furthermore, H&D's acts of infringement have been willful and/or in willful disregard of the '857 Patent, as H&D had knowledge of the '857 Patent and continued its infringing activities, including duplicating and replacing Arroweye's patented systems and equipment with replacement systems and equipment which copy and perform the patented methods.

55. This is an exceptional case because of such willful infringement, and treble damages payable to Arroweye by H&D is warranted.

56. Arroweye has been, and will continue to be, irreparably harmed by H&D's conduct of infringing the '857 Patent.

## COUNT V – INFRINGEMENT OF U.S. PATENT NO. 8,612,513

57. As a complete and first ground for relief, Arroweye asserts infringement of U.S. Patent No. 8,612,513 ("the '513 Patent" – EXHIBIT E) entitled "Method and Apparatus for Using Greeting Cards Distributed With Electronic Commerce Transactions as Pick Tickets," and realleges and incorporates Paragraphs 1 - 56 of this Complaint.

58. The United States Patent and Trademark Office duly and legally issued the '513 Patent on December 17, 2013. Arroweye is the owner of all right, title and interest in the '513 Patent, and has the right to enforce the rights against infringement and to recover damages for all infringements thereof.

59. The '513 Patent is still in full force and effect and is presumed valid under the

Patent laws.

60. H&D has made and used, and continues to make and use systems and methods which directly infringe one or more claims of the '513 Patent, including but not limited to claim 1 of such patent.

61. Arroweye has been, and will continue to be, damaged by H&D's conduct, including its making and using systems and methods in a manner which infringes the '513 patent.

62. Furthermore, H&D's acts of infringement have been willful and/or in willful disregard of the '513 Patent, as H&D had knowledge of the '513 Patent and continued its infringing activities, including duplicating and replacing Arroweye's patented systems and equipment with replacement systems and equipment which copy and perform the patented methods.

63. This is an exceptional case because of such willful infringement, and treble damages payable to Arroweye by H&D is warranted.

64. Arroweye has been, and will continue to be, irreparably harmed by H&D's conduct of infringing the '513 Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Arroweye, prays:

A. For a judgment that one or more of the '912 Patent claims have been infringed by H&D;

B. For an injunction against H&D, its officers, agents, servants, employees, attorneys, successors, and assigns, and all others in active concert of participation with H&D against further infringement of the '912 Patent, pursuant to 35 U.S.C. § 283;

C. That this Court award damages sustained by Arroweye for the infringement of the '912 Patent, including at least a reasonable royalty, together with prejudgment and post-judgment interest;

D. For a judgment that one or more of the '954 Patent claims have been infringed by H&D;

E. For an injunction against H&D, its officers, agents, servants, employees, attorneys, successors, and assigns, and all others in active concert of participation with H&D against further infringement of the '954 Patent, pursuant to 35 U.S.C. § 283;

F. That this Court award damages sustained by Arroweye for the infringement of the '954 Patent, including at least a reasonable royalty, together with prejudgment and post-judgment interest;

G. For a judgment that one or more of the '378 Patent claims have been infringed by H&D;

H. For an injunction against H&D, its officers, agents, servants, employees, attorneys, successors, and assigns, and all others in active concert of participation with H&D against further infringement of the '378 Patent, pursuant to 35 U.S.C. § 283;

I. That this Court award damages sustained by Arroweye for the infringement of the '378 Patent, including at least a reasonable royalty, together with prejudgment and post-judgment interest;

J. For a judgment that one or more of the '857 Patent claims have been infringed by H&D;

K. For an injunction against H&D, its officers, agents, servants, employees, attorneys, successors, and assigns, and all others in active concert of participation with H&D against further infringement of the '857 Patent, pursuant to 35 U.S.C. § 283;

L. That this Court award damages sustained by Arroweye for the infringement of the '857 Patent, including at least a reasonable royalty, together with prejudgment and post-judgment interest;

M. For a judgment that one or more of the '513 Patent claims have been infringed by H&D;

N. For an injunction against H&D, its officers, agents, servants, employees, attorneys, successors, and assigns, and all others in active concert of participation with H&D against further infringement of the '513 Patent, pursuant to 35 U.S.C. § 283;

O. That this Court award damages sustained by Arroweye for the infringement of the '513 Patent, including at least a reasonable royalty, together with prejudgment and post-judgment interest;

P. For an assessment of costs against H&D;

Q. That the Court assess treble damages against H&D due to its willful and deliberate patent infringement, pursuant to 35 U.S.C. § 284;

R. That the Court find this to be an exceptional case and that Arroweye be awarded its costs, disbursements, and attorney fees for this action, pursuant to 35 U.S.C. § 285;

S. That this Court award Arroweye such further relief, including preliminary and permanent relief, as the Court may deem just and appropriate.

## **REQUEST FOR JURY TRIAL**

Arroweye hereby requests trial by jury in this matter for all issues so triable.

Respectfully submitted,

ARROWEYE SOLUTIONS, INC.

Date:  December 22, 2015     By: s/ William J.Lenz
                                William J. Lenz


William J. Lenz (IL Bar No. 6257555)
Vladimir I. Arezina (IL Bar No. 6276348)
Thomas H. Campbell (IL Bar No. 6301527)
Neal, Gerber & Eisenberg, LLP
2 North LaSalle, Suite 1700
Chicago, IL 60602
Telephone: 312-269-8000

*Attorneys for Plaintiff*

22161970.1

14